HURLEY, Judge,
concurring specially.
I concur in the affirmance because I am satisfied that the trial court’s inquiry, albeit brief, into the circumstances of the state’s discovery violation was adequate to allow the court, in its discretion, to determine that the defendant was not prejudiced by the state’s violation. At the same time, it bears repeating that this court will not countenance trial by ambush. The state has an affirmative duty, upon demand, to furnish full discovery. In particular, when the defendant has made an oral statement, the state must do more than answer “yes” on a printed discovery form. Rule 3.220(a)(l)(iii), Fla.R.Crim.P., requires the state to divulge “the substance of any oral statements ... together with the name and address of each witness to the statements.” The printed discovery form now in use in the Fifteenth Judicial Circuit fails to satisfy this aspect of the rule. As the case at bar indicates, the present format of the local discovery form can be a trap for the prosecution and the defense alike; it should be corrected to assure full compliance with the rule.